```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

PEGGY HARLEY,                       :

                 Plaintiff,         :    08 Civ. 5791 (KBF)(HBP)

     -against-                      :    OPINION
                                         AND ORDER
ANN NESBY, et al.,                  :

                 Defendants.        :

-----------------------------------X
```

          PITMAN, United States Magistrate Judge:


I.   Introduction


          By notice of motion dated February 17, 2011 (Docket

Item 56), defendants Shanachie Entertainment Corporation and

Vaughn Harper ("Shanachie," "Harper," or collectively, the

"Moving Defendants") move for an Order pursuant to Rules 16 and

37 of the Federal Rules of Civil Procedure precluding plaintiff

from offering at trial or using in connection with any motion all

documents that plaintiff has not produced by the date the motion

was filed and awarding the Moving Defendants the costs and

attorneys' fees they incurred in seeking to compel plaintiff to

produce the documents and information on which she bases her

claims.  For the reasons set forth below, the Moving Defendants'

motion is granted; plaintiff is hereby (1) precluded from offer-

ing at trial or using in connection with any motion, any documents she had not produced by February 17, 2011 and (2) ordered to pay the Moving Defendants costs and reasonable attorneys' fees the Moving Defendants have incurred in making this motion.

II.  <u>Facts</u>

Plaintiff commenced this action on June 27, 2008 and seeks to recover damages related to the alleged theft of plaintiff's musical work "It Will Never Happen Again."  Plaintiff alleges that she provided defendant Vaughn Harper with a copy of her ten-track album which contained "It Will Never Happen Again" and, in retaliation for plaintiff's refusing to work with Harper on a forthcoming production, Harper, together with defendants Ann Nesby, Timothy W. Lee, and several others, "conspired to steal [plaintiff's] [w]ork entitled 'It Will Never Happened Again[,'] dissecting [her] composition, [and] retitling it 'I apologize'" (Amended Complaint (Docket Item 4) at 5).  Plaintiff alleges that "Harper's actions counter acted [<u>sic</u>] [plaintiff's] marketing campaign strategy, causing [plaintiff] to lose [her] life['s] savings and audiences by granting 'Access' to Nesby before [plaintiff's] album was nationally released" (Amended Complaint 5-6).

Plaintiff further alleges that Nesby was nominated for a Grammy Award in 2008 for the song that was stolen from plaintiff thereby depriving plaintiff of the award and "all of its benefits" and that plaintiff may be "blackballed" in the music industry as a result of plaintiff's response to defendants' actions (Amended Complaint 7, 10, 11).  Plaintiff claims she suffered economic damages and emotional distress as a result of defendants' actions (Amended Complaint 10-11).

By Order dated March 23, 2010, the Honorable William H. Pauley, III, United States District Judge, directed that all discovery in the action should be completed by July 30, 2010 (Scheduling Order No. 5 (Docket Item 27)).  On April 9, 2010, Shanachie served interrogatories and requests for production of documents on plaintiff  (Ex. A to Declaration of Juan Maldonado, Esq. in Support of Motion to Impose Sanctions, dated Feb. 17, 2011 (Docket Item 59)("Maldonado Decl.")).  Shanachie sought, inter alia, all documents concerning the damages plaintiff suffered, a recording of "It Will Never Happen Again," lead sheets for that song, all documents concerning the similarities between plaintiff's song and the song produced by some of the defendants ("I Apologize"), and all other documents concerning her claims (Ex. A to Maldonado Decl. 4-6).  By telephone call and a subsequent letter dated May 24, 2010, Shanachie's counsel contacted

3

plaintiff requesting that plaintiff respond to Shanachie's dis-
covery request or "meet and confer" regarding any disputes.  The
letter also cautioned that if plaintiff did not respond,
Shanachie might move to compel plaintiff's response and might
request sanctions or attorney's fees for costs incurred in
bringing a motion to compel (Ex. B to Maldonado Decl.).

On June 4, 2010, Shanachie's counsel wrote to Judge
Pauley, informed Judge Pauley that plaintiff had not responded to
Shanachie's discovery request, and sought leave to file a motion
to compel plaintiff's response (Ex. C to Maldonado Decl. (Docket
Item 37)).

Judge Pauley held a conference on June 24, 2010 and, by
an Order dated June 28, 2010, directed plaintiff to serve
responses to Shanachie's discovery requests by July 30, 2010 and
extended the discovery deadline to November 5, 2010 (Ex. D to
Maldonado Decl. (Docket Item 39)). On July 24, 2010, plaintiff
served a response to Shanachie's document requests (Ex. E to
Maldonado Decl. (Docket Item 40)).  Plaintiff did not produce any
responsive documents in connection with her July 24, 2010
response; rather, plaintiff responded to nearly every request
with some variation of the phrase "information is privileged or
subject for trial" (Ex. E to Maldonado Decl. 1-4).  On August 16,
2010, Shanachie's counsel wrote to plaintiff and asked her to

4

confirm whether she had in her possession any documents responsive to Shanachie's document request which she intended to use at trial.  Shanachie's counsel also informed plaintiff that if she did not respond by August 27, 2010, Shanachie intended to move for an order compelling plaintiff to produce all relevant, non-privileged documents and precluding plaintiff from introducing any documents that she does not produce in discovery (Ex. F to Maldonado Decl.).  Shanachie's counsel wrote to me on September 7, 2010, citing the deficiencies in plaintiff's response to their document requests and seeking, pursuant to Rule 2.A[1] of my Individual Practice Rules and Local Civil Rule 37.2, an informal conference to resolve the discovery dispute between Shanachie and plaintiff (Ex. G to Maldonado Decl.).

On July 22, 2010, Harper served interrogatories and requests for production of documents on plaintiff (Ex. C to Declaration of Melvin Reddick, Esq. in Support of Motion to Impose Sanctions, dated Feb. 17, 2011 (Docket Item 60)("Reddick Decl.")).  Counsel for Harper called and subsequently wrote to plaintiff on September 2, 2010, seeking to resolve any dispute over Harper's discovery requests and informing plaintiff that if

---

[1] Rule 2.A of my Individual Practice Rules incorporate Local Civil Rule 37.2 and requires an informal conference to resolve discovery disputes before the making of a formal motion.

she did not respond by September 10, 2010, Harper would ask the Court to compel plaintiff's response (Ex. D to Reddick Decl.). Although plaintiff responded on September 7, 2010 informing Harper that she would respond to his requests by September 17, 2010, plaintiff did not respond on that date and on September 21, 2010, counsel for Harper wrote to me and regarding plaintiff's failure to respond and requested, pursuant to Rule 2.A of my Individual Practice Rules and Local Civil Rule 37.2, an informal conference to resolve the discovery dispute between Harper and plaintiff (Ex. E and F to Reddick Decl.).

On September 24, 2010, plaintiff filed her disclosures pursuant to Rule 26(a)(1); no documents where attached to those disclosures and they largely repeated the allegations made in plaintiff's amended complaint (Ex. H to Maldonado Decl. (Docket Item 41)).  Plaintiff also resent to Shanachie her earlier deficient responses to Shanachie's document requests (Ex. H to Maldonado Decl.), and plaintiff responded to Harper's interrogatories,[2] but not to his document requests (Ex. G to Reddick Decl. (Docket Item 40)).[3]

---

[2] Plaintiff responded with either "public knowledge," "objection," "see amended complaint," or "see original motion" to eleven of Harper's nineteen interrogatories.

[3] Plaintiff served on Harper interrogatories dated October 1, 2010 (Ex. H to Reddick Decl.); Harper served his responses to
(continued...)

6

By letter dated October 1, 2010, a telephone conference
was scheduled for October 18, 2010 at 12:00 p.m. to resolve the
issues raised by counsel for Shanachie and Harper in their
letters.  On October 18, 2010 I held a conference call; all
parties appeared on the teleconference except for plaintiff.  My
deputy attempted to call plaintiff but was only able to reach her
voice mail.  In order to give plaintiff, who was and is
proceeding pro se, an opportunity to respond as to the
deficiencies in her responses to Shanachie's and Harper's
document requests, I advised defendants that I would issue an
Order to Show Cause which would give plaintiff an opportunity to
respond to the Moving Defendants' letters.  I also asked the
defendants to submit a joint proposal to set an amended discovery
schedule because the schedule set by Judge Pauley, which required
that all discovery be complete by November 5, 2010, no longer
seemed feasible.  Later that day, I received a letter from
plaintiff dated October 5, 2010, stating that she preferred an
in-court conference to resolve the outstanding discovery disputes
and, as a pro se litigant, she did not feel comfortable talking

---

[3](...continued)
those interrogatories on December 10, 2010 (Ex. O to Reddick
Decl.).

about legal matters by way of a conference call (Ex. J to Reddick
Decl. (Docket Item 43)).

     In an effort to accommodate plaintiff, I issued an
Order stating: "In light of plaintiff's submission dated October
5, 2010 concerning the conference call that had been scheduled
for today, an in-person conference to address the discovery
applications made by Shanachie Entertainment Corporation and
Vaughn Harper will be held on October 29, 2010 at 2:00 p.m. in
Courtroom 18A" (Order to Show Cause, dated Oct. 18, 2010 (Docket
Item 44)).

     On October 29, 2010 I held the in-person conference
sought by plaintiff.  Plaintiff, however, did not appear.
Because plaintiff had received notice of the conference, I
proceeded without her and noted that plaintiff's responses to the
Moving Defendants' document requests seemed to be based on a
misconception that all documents she planned to use at trial in
furtherance of her claims are somehow privileged and she is
entitled to withhold those documents until trial.  I also noted
that preclusion of documents plaintiff fails to produce during
discovery would be an automatic under Rule 37(c) of the Federal
Rules of Civil Procedure.

     After that conference, I issued the following Order:

By Order dated October 18, 2010, I granted plaintiff's application to resolve a discovery dispute in this matter through an in-person conference rather than by conference call and scheduled the discovery conference for 2:00 p.m. today.  At 2:00 p.m., counsel for Shanachie Entertainment Corporation ("Shanachie") and Vaughn Harper were present; plaintiff was not. After waiting one-half hour with no word from plaintiff, a member of my staff called plaintiff but was able to reach only her answering machine.  Since it appeared that plaintiff had waived her right to appear and be heard at the conference, I conducted the conference without her and granted the discovery applications of Shanachie and Harper on default.

Accordingly, it is hereby **ORDERED** that no later than November 12, 2010, plaintiff is to produce all non-privileged documents requested by Shanachie and to provide a schedule of all documents withheld by plaintiff on the ground of privilege.  In this regard, plaintiff should note the work-product doctrine protects only documents and other materials that are prepared in contemplation of litigation.  It does not ordinarily protect documents prepared in the ordinary course of individual's business or other activities. Plaintiff should also note that a failure to produce a document in discovery that is not protected by a privilege or the work-product doctrine ordinarily results in a prohibition against that document being used at trial or in connection with any motion. Fed.R.Civ.P. 37(c)(1).  In other words, a party cannot hold its evidence in secret and then disclose it for the first time at trial.

It is further **ORDERED** that no later than November 12, 2010, plaintiff shall provide responses to the interrogatories served by defendant Harper, shall also produce all non-privileged documents requested by Harper and shall provide a schedule of all documents withheld by plaintiff on the ground of privilege.

Notwithstanding plaintiff's unhappiness with the Order of Reference issued by Judge Pauley in this matter, plaintiff is warned that compliance with the Court's discovery orders is imperative and that a party

that ignores a discovery order (such as this one) acts
at her peril.  Severe sanctions can be imposed for a
party's failure to comply with a discovery order and
these sanctions may include the dismissal of the
action.  <u>Bambu Sales, Inc. v. Ozak Trading Inc.</u>, 58
F.3d 849, 853-54 (2d Cir. 1995).

(Order, dated Oct. 29, 2010 (Docket Item 45)).

By letter dated November 19, 2010, counsel for
Shanachie wrote to me on behalf of Shanachie and Harper informing
me that despite my October 29, 2010 Order, and phone messages
they left for plaintiff, plaintiff has not responded in any way
(Ex. M to Maldonado Decl.).  Counsel requested, pursuant to Rule
2.A of my Individual Practice Rules and Local Civil Rule 37.2, an
informal conference at which time counsel for Shanachie and
Harper would seek leave to file a motion to sanction plaintiff
for her failure to comply with my October 29, 2010 Order (Ex. M
to Maldonado Decl.).

In response to the Moving Defendants' November 19, 2010
letter, I held another conference on December 10, 2010.  Although
plaintiff admitted having received my October 29, 2010 Order,
plaintiff expressed confusion as to what her obligations were
concerning discovery and concerning the seemingly conflicting
schedules set by myself and Judge Pauley.  Plaintiff requested
additional time to seek counsel to assist her in responding to
the discovery requests.  I informed plaintiff that she was now in

10

violation of an Order issued by Judge Pauley on June 28, 2010 directing her to respond to Shanachie's discovery requests by July 20, 2010 and an October 29, 2010 Order, which directed her to respond to all outstanding discovery requests by November 12, 2010 and to provide a schedule of all documents withheld by plaintiff on the ground of privilege.  I again explained to plaintiff that documents cannot be kept secret during the discovery phase and then used at trial.  I warned plaintiff that she would be barred from using any documents she did not produce and that very serious sanctions can be imposed if plaintiff fails to respond to discovery requests.  I further explained to plaintiff that she was and is always free to seek the assistance of counsel, but that this action, which she had commenced nearly two and one-half years prior to that conference, must go on regardless of her retention of counsel.  Finally, I addressed a letter plaintiff sent to Judge Pauley objecting to having a magistrate judge preside over the pretrial supervision of her action.  I explained to her, as I had done in my October 18, 2010 Order to Show Cause, that a magistrate judge lacks the power to overrule or ignore an Order of Reference issued by a District Judge and that unless Judge Pauley vacated or modified his Order of Reference, all non-dispositive matters must be raised before me and are within my jurisdiction.

11

With a strong warning of the consequences which may occur if plaintiff fails to respond to discovery requests, I granted plaintiff's request for a final extension of time to comply with my October 29, 2010 Order. I memorialized my ruling in the following Order:

> A conference having been held on this date during which certain discovery disputes were discussed, for the reasons stated on the record in open Court, it is hereby ORDERED that:
>
> 1. Plaintiff's time to comply with my October 29, 2010 Order, a copy of which is annexed hereto, is extended to December 31, 2010. Plaintiff is advised that because the discovery dispute has now been pending for some time, an unjustified failure to comply the annexed October 29, 2010 Order will result in the imposition of sanctions which may include the dismissal of the complaint and/or an Order directing plaintiff to pay the defendants' counsel's fee. Plaintiff's inability to retain counsel before December 31, 2010 will not be sufficient cause to excuse a failure to comply.

(Order, dated Dec. 10, 2010 (Docket Item 49)).

On or about December 29, 2010, plaintiff served revised responses to Shanachie's document requests (Ex. O to Maldonado Decl.) and Harper's interrogatories and document requests (Ex. P to Reddick Decl.) Plaintiff's revised responses did not comply with my October 29, 2010 Order in that plaintiff continued to assert privilege in response to nearly every document request, suggesting that plaintiff was persisting in her attempt to

12

withhold documents until trial.[4]  Additionally, plaintiff failed
to produce any responsive documents and failed to provide a
schedule of documents withheld on the ground of privilege.

Counsel for the Moving Defendants jointly wrote to me
on January 4, 2011, citing plaintiff's deficiencies and again
requesting a conference pursuant to Rule 2.A of my Individual
Practice Rules and Local Civil Rule 37.2 for the purpose of
seeking leave to file a motion to sanction plaintiff (Ex. P to
Maldonado Decl.); I granted that application and a conference was
scheduled for January 28, 2011 at 2:00 p.m.

On January 28, 2011 at 1:40 p.m., my staff received a
call from someone claiming to be a friend of the plaintiff who
stated that plaintiff became ill on her way to the courthouse and
would be unable to attend the scheduled conference;[5] counsel for

---

[4] For example, plaintiff asserted that "[d]ocuments
concerning damages are privileged and subject to protection as
trial preparation materials [p]ursuant to Rule 26(b)(5) and Rule
26(b)"; "Lead sheets for the musical composition 'It Never Happen
Again' as well as 'I Apologize' will be available at trial. Lead
sheets are privileged and subject to trial."  In response to
Request No. 10 which sought "all documents concerning your claim
that one or more defendants obtained access to the musical
composition 'It Never Happen Again,'" plaintiff responded "For
the record, you have all of these answers as a participant in
this conspiracy of stealing my lifes [sic] work.  This
information is privileged or subject for trial.  However, I have
documents, photos, Cds and tapes" (Ex. O to Maldonado Decl. 1-5).

[5] By letter served on Februrary 1, 2011, plaintiff provided
(continued...)

13

the Moving Defendants appeared.  I informed counsel that I
believed the best way to proceed was for defendants to make a
formal Rule 37 motion; I memorialized that ruling in the
following Order:

>           Due to plaintiff's illness, I was unable to
> proceed with the discovery conference scheduled for
> January 28, 2011.
>
>           Defendants' application for permission to move for
> sanctions is granted.  Defendants are directed to serve
> and file their motion on or before February 18, 2011.
> Plaintiff is directed to serve and file her response no
> later than March 18, 2011.

(Order, dated Jan. 31, 2011 (Docket Item 52)).

          On or about January 31, 2011, counsel for the Moving
Defendants received further revised responses to their discovery
requests (Ex. R to Maldonado Decl.; Ex. S to Reddick Decl.).
These revised responses still failed to comply with my October
29, 2010 Order because they clearly indicated that plaintiff was
still withholding documents she intended to use at trial.[6]

---

[5](...continued)
documentation which purports to establish that plaintiff was at
the Mount Sinai Hospital of Queens on January 28, 2011 (Letter,
dated Jan. 30, 2011 (Docket Item 53)).

    [6] For example, plaintiff stated, in her responses to
Shanachie's document request "[p]lease find attached a few
documents that are currently available"; "Lead Sheets . . . is
[sic] currently in preparation[] I expect to use them at trial"
(Ex. R to Maldonado Decl. at ¶¶ 1, 2, 8).  In response to
Harper's document request, plaintiff refused to produce the
requested press kit, stating "[o]bjection, I do not wish to
                                              (continued...)

Plaintiff did produce some new documents in connection with her responses; however, the only responsive documents plaintiff produced were copies of a registration certificate from the United States Copyright Office for her song "It Will Never Happen Again," plaintiff's and defendant Ann Nesby's album covers, an invoice for $500 related to the marketing of her album containing "It Will Never Happen Again," a list of Grammy Award nominees from the relevant year, her business card, her biography, a letter she allegedly delivered to Harper, a few emails with a radio station regarding her music and contacting Harper, and a CD allegedly containing two, seven-second excerpts of "It will Never Happen Again" and defendant Ann Nesby's song, "I Apologize," which purportedly illustrate similarities in the two songs (Maldonado Decl. ¶¶ 27-33; Reddick Decl. ¶¶ 25-27).  Plaintiff did not provide a complete recording of "It will Never Happen

---

[6](...continued)
provide the defendants with further [a]ccess to my [w]orks" (Ex. S to Reddick Decl. at ¶ 1).  Plaintiff also stated in her responses to Harper's request that "[t]here are other documents that I am in the process of gathering that I will use at trial responsive to this question" (Ex. S to Reddick Decl. at ¶ 3).

Furthermore, plaintiff cited numerous instances of damages allegedly caused by the defendants' actions, including $50,000 which she claimed it cost her to produce the commercial she used in marketing "It Will Never Happen Again."  Yet plaintiff has produced only a single receipt for $500 to prove her damages.

Again," the lead sheets or lyrics for that song, or any other documentation regarding the damages plaintiff suffered.

The Moving Defendants subsequently served the instant motion on February 17, 2011.

III.  <u>Analysis</u>

Rule 37(b)(2) provides that a court may impose sanctions against a party that "fails to obey an order to provide or permit discovery . . . ." <u>Salahuddin v. Harris</u>, 782 F.2d 1127, 1132-33 (2d Cir. 1986).  Sanctions may be granted against a party under Rule 37(b)(2) if there is noncompliance with an order, "notwithstanding a lack of wilfulness or bad faith, although such factors 'are relevant . . . to the sanction to be imposed for the failure.'" <u>Auscape Int'l v. Nat'l Geographic Soc'y</u>, 02 Civ. 6441 (LAK), 2003 WL 134989 at *4 (S.D.N.Y. Jan. 17, 2003) (Kaplan, D.J.), <u>quoting</u> 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice & Procedure</u> § 2283, at 608 (2d ed. 1994); <u>see</u> <u>Melendez v. Ill. Bell Tel. Co.</u>, 79 F.3d 661, 671 (7th Cir. 1996) ("Bad faith . . . is not required for a district court to sanction a party for discovery abuses. Sanctions are proper upon a finding of wilfulness, bad faith, or fault on the part of the noncomplying litigant." (citations omitted)); <u>Alexander v. Fed. Bureau of Investigation</u>, 186 F.R.D.

16

78, 88 (D.D.C. 1998) ("In making the determination of whether to impose sanctions, Rule 37(b)(2) does not require a showing of willfulness or bad faith as a prerequisite to the imposition of sanctions upon a party." (citations omitted)). The decision to impose sanctions "is committed to the sound discretion of the district court and may not be reversed absent an abuse of discretion." Luft v. Crown Publishers, Inc., 906 F.2d 862, 865 (2d Cir. 1990), citing, inter alia, Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976) (per curiam); see Design Strategy, Inc. v. Davis, 469 F.3d 284, 294 (2d Cir. 2006) ("A district court has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2) . . . . "); Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991) (same); Dove v. City of New York, 06 Civ. 1096 (SAS), 2006 WL 3802267 at *2 (S.D.N.Y. Dec. 26, 2006) (Scheindlin, D.J.) (same); see generally S. New England Tel. Co. v. Global NAPS Inc., 624 F.3d 123, 144-45 (2d Cir. 2010).

        Rule 37(b)(2) directs a court to "make such orders in regard to the failure as are just," including, inter alia, striking the party's pleading, precluding the introduction of certain evidence, or dismissing the action or rendering a judgment by default. Fed.R.Civ.P. 37(b)(2). Additionally, the court must impose reasonable expenses and attorney's fees on the

17

disobedient party "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  Fed.R.Civ.P. 37(b)(2).

>           In deciding whether to impose sanctions under Rule
>      37, the Court considers the following factors: "(1) the
>      willfulness of the noncompliant party or the reasons
>      for noncompliance; (2) the efficacy of lesser
>      sanctions; (3) the duration of the period of
>      noncompliance; and (4) whether the noncompliant party
>      had been warned of the consequences of his
>      noncompliance." Nieves v. City of New York, 208 F.R.D.
>      531, 535 (S.D.N.Y. 2002)(Marrero, D.J.) (citing Bambu
>      Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849 (2d Cir.
>      1995))

Oseni v. Tristar Patrol Servs., 05 Civ. 2875 (RJD)(LB), 2006 WL 2972608 at *7 (E.D.N.Y. Oct. 18, 2006); accord Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302-03 (2d Cir. 2009).

The harsher remedies, such as preclusion of certain evidence, while permitted under Rule 37, "should be imposed only in rare situations . . . ." Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 71 (2d Cir. 1988).  "Such a severe sanction is justified 'when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." Izzo v. ING Life Ins. & Annuity Co., 235 F.R.D. 177, 186 (E.D.N.Y. 2005), quoting Daval Steel Prods. v. M/V Fakredine, supra, 951 F.2d at 1365.

The preclusion of all documents that plaintiff had not produced by February 17, 2011 -- the date this motion was served

on plaintiff -- is the appropriate remedy here.  Despite my

repeated admonitions to plaintiff that she cannot withhold

evidence, plaintiff continues to assert, in the revisions to her

responses to the Moving Defendants' discovery requests, that she

possesses responsive documents which she intends to use at trial

but will not produce those documents to defendants.

> The discovery process under the Federal Rules of
> Civil Procedure is designed to allow parties to narrow
> the issues, obtain evidence for use at trial, and
> secure information about the existence of evidence.
> Wright & Miller, Federal Practice and Procedure, Civil
> 2d § 2001 (1970).  Conducted properly, it avoids a
> trial in which the victor is determined by surprise and
> concealment rather than by the merits of the cause.

Weinstein v. Ehrenhaus, 119 F.R.D. 355, 357 (S.D.N.Y. 1988)

(Leval, then D.J., now Cir. J.); see also Sackman v. Liggett

Group, Inc., 173 F.R.D. 358, 361 (E.D.N.Y. 1997) ("The purpose of

discovery is to provide both parties with information essential

to proper litigation of all the facts.").  By her repeated

attempts to deliberately conceal relevant evidence, plaintiff is

frustrating the purpose of discovery and leaving defendants at an

unfair disadvantage.  The only effective method to ensure that

plaintiff will not benefit from her wrongdoing is to prevent her

from using any evidence that she has not already produced.

Accordingly, plaintiff is precluded from offering, in connection with any motion or at trial, any document she has not produced to the defendants February 17, 2011.

With respect to the efficacy of lesser sanctions, it appears that no lesser sanction will remedy the Moving Defendants' deprivation of the discovery or deter others from engaging in similar conduct. See Agiwal v. Mid Island Mortg. Corp., supra, 555 F.3d at 303. No sanction other than preclusion will remedy the fact that defendants have been deprived of relevant discovery. I also note that issuing another order to produce to the defendants would not be effective. Plaintiff has already ignored multiple orders; there is no reason to believe she will comply with an additional one. Moreover, limiting the remedy to an additional order to produce sends an inappropriate message. It would effectively tell parties and witnesses that they can ignore a court's discovery orders and suffer no greater punishment than the issuance of an additional order directing that they do what they were ordered to do in the first place.

In addition, the period of noncompliance is substantial. More than seven months elapsed between Judge Pauley's June 28, 2010 Order and the date this motion was filed and more than three months elapsed between my October 29, 2010 Order and the date this motion was filed.

20

Finally, plaintiff has had adequate warning of the consequences of noncompliance.  My Orders of October 29, 2010 and December 10, 2010 as well as my statements during a conference on December 10, 2010 and multiple letters from the Moving Defendants' counsel gave plaintiff explicit notice as to the consequences for noncompliance with discovery requests and court orders.  Plaintiff has been told over and over again that she will not be allowed to use documents she fails to produce in discovery.

Accordingly, all of the relevant factors point to the imposition of a more severe sanction, and I conclude that preclusion is the appropriate sanction.

In her Affirmation in Opposition to Notice of Motion Response (Docket Item 63)("Opposition"), plaintiff argues principally that the Moving Defendants' motion should not be heard because they failed to request an informal conference pursuant to Local Civil Rule 37.2 before bringing this motion (Opposition at ¶¶ 9, 10, 67, 70).  I find this argument to be baseless.  Counsel for the Moving Defendants' have requested no less than three conferences pursuant to Local Civil Rule 37.2, all of which were convened to solve essentially the same discovery dispute -- plaintiff's refusal to produce all responsive non-privileged documents in her possession.  Plaintiff

21

has disobeyed the Orders resulting from these conferences.  In any event, the failure to hold a Local Civil Rule 37.2 conference "does not warrant a denial or delay in deciding the merits [of a motion for sanctions] at this stage." Trilegiant Corp. v. Sitel Corp., 272 F.R.D. 360, 367 (S.D.N.Y. 2010) (Francis, M.J.); see also Time Inc. v. Simpson, 02 Civ. 4917 (MBM)(JCF), 2002 WL 31844914 at *1-*2 (S.D.N.Y. Dec. 18, 2002) (Francis, M.J.) ("Time's failure to satisfy [Local Civil Rule 37.2's] requirements does not, however, warrant rejecting its motion. These requirements are designed to promote efficiency in litigation, and that goal would not be advanced by further delay in resolving these issues on then merits.").

        Plaintiff also argues that defendants are already in possession of plaintiff's song.  This is not a valid objection to a document request.  Plaintiff's other arguments are similarly meritless.

- Plaintiff's contention that the motion is procedurally defective because no proof of service was annexed to the motion papers is factually baseless. Proof of service is annexed to the papers filed with the Clerk, and, in any event, plaintiff does not claim that she did not receive the motion papers.

- Plaintiff's contention that the Moving Defendants failed to serve their motion by the February 18, 2011 deadline set forth in my January 31, 2011 Order is baseless.  The proofs of service annexed to the motion papers demonstrate that the motion was served on February 17, 2011.  Moreover, even if the motion was served late, plaintiff was not prejudiced.

- Plaintiff's contention that the motion papers are deficient because they lack signatures is baseless. The Notice of Motion and Memorandum of Law are each signed by the attorneys for the Moving Defendants. Again, even if this deficiency existed, it would not prejudice plaintiff.

- Plaintiff's contention that the motion is deficient because the Moving Defendants' reordered the pages of plaintiff's response to their document requests is meritless.  I have reviewed each page of the attachments to the Moving Defendants' motion papers and the plaintiff suffered no prejudice as a result of the reordering.

- Plaintiff's argument that the request for costs and fees is defective because the motion does not itemize the fees sought is not persuasive.  The costs

23

and fees sought, and plaintiff's objections thereto, can be addressed in supplemental submissions.

- Plaintiff claims that the motion is defective on the grounds that I held an ex parte telephone conference with the Moving Defendants on October 18, 2010 and allowed them to propose a scheduling order without giving plaintiff a fair opportunity to object. This objection is also meritless. Plaintiff was given advance notice of the conference and she elected not to participate. No litigant has a self-help right to derail judicial proceedings by simply refusing to participate. In any event, no substantive relief was awarded to the Moving Defendants during the conference call.

- Plaintiff objects to the fact that the October 29, 2010 conference was held in her absence, claiming that she did not receive notice of the conference. The conference was scheduled in my Order dated October 18, 2010, a copy of which was mailed to plaintiff by my staff and was not returned by the United States Postal Service. Even if this complaint had a factual basis, it would not excuse plaintiff's repeated failure to

24

produce the documents requested by the Moving Defendants.

- Plaintiff objects to the fact that I allegedly granted leave to the Moving Defendants to cancel their deposition of the plaintiff without complying with my Individual Rules of Practice Rule 1.E which sets forth my requirements concerning communications by litigants to my Chambers concerning requests for adjournments or extensions of time (Opposition ¶¶ 14, 63). Contrary to plaintiff's assertion, leave of court is not necessary to cancel a deposition, and Rule 1.E does not apply to such cancellations.

- Plaintiff argues that this motion should be denied because leave to make the motion was granted at a conference plaintiff was too ill to attend (Opposition ¶ 15). This argument is also meritless. Plaintiff was not penalized for failing to attend the conference; no relief was granted to defendants on default. Moreover, if plaintiff has a substantive response to the Moving Defendants' complaints concerning her discovery, she had an ample opportunity to assert it in her response to the pending motion.

- Plaintiff notes that she wrote three letters to me, dated January 30, 2011 (Docket Item 53), January

30, 2011 (Docket Item 54), and February 2, 2011 (Docket Item 55), and these letters were not docketed and were not answered (Opposition ¶¶ 16-17, 68-70).  Again, this gripe is immaterial to plaintiff's failure to produce the documents requested by the Moving Defendants.

- Plaintiff objects to the fact that on several occasions, counsel for Shanachie wrote to me on behalf of other defendants (Opposition ¶¶ 51, 58).  There was nothing improper or unethical about counsel for Shanachie writing on behalf of another party provided consent by that party was given.  In any event, this gripe is also immaterial to plaintiff's failure to produce the documents requested by the Moving Defendants.

- Finally, plaintiff argues that I have acted "[e]rroneously and with [with] [b]ias" against her "from the point of [my] election to preside over [d]iscovery" (Opposition ¶ 10).  Plaintiff claims that my bias is evidenced by (a) my failure to act in accordance with Local Civil Rule 37.2, (b) the fact that I held an ex parte telephone conference with defendants on October 18, 2010, (c) a statement I made at the January 28, 2011 conference where I stated that

26

"I share [defendants'] frustration with this case", (d)
a delay in responding to a letter plaintiff sent me,
dated December 13, 2010, in which she requested leave
to conduct a deposition (Docket Item 51), and (e) a
letter my deputy sent plaintiff scheduling a conference
(Opposition ¶¶ 10, 12 18, 51, 64).  This contention is
another red herring.  First, even if I were biased
against plaintiff (which I am not), it would not excuse
her failure to produce the documents requested by the
Moving Defendants.  Second, plaintiff was initially
ordered to produce the documents in issue on June 28,
2010, and has, to date, failed to do so.  My response
to plaintiff's repeated defaults has been extremely
restrained, affording plaintiff multiple opportunities
to comply with the discovery Orders against her or to
explain her conduct.  Third, and most tellingly,
plaintiff cites no valid objection to the Moving
Defendants' discovery requests that I have rejected out
of my alleged prejudice.  Plaintiff's ploy of claiming
prejudice is belied by the record and is nothing more
than a feeble attempt to distract attention from her
own  repeated failure to comply with the Court's
orders.

Finally, unless plaintiff's position was "substantially justified," I "must . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" caused by the failure.   Fed.R.Civ.P. 37(a)(5)(A).   Plaintiff's failure to comply with my Orders was not substantially justified, and the Moving Defendants are, therefore, entitled to some reasonable costs and attorneys' fees.   In order to determine reasonable attorneys fees and costs the Moving Defendants' incurred in order to make this motion, the Moving Defendants are directed to submit contemporaneous billing records and the information necessary to evaluate the reasonableness of their attorneys' billing rates, along with invoices for any costs they have incurred, within twenty-one (21) days of this Order.   Plaintiff is directed to submit her response no later than twenty-one (21) days thereafter.

Plaintiff's <u>pro</u> <u>se</u> status is not lost on me.[7]   As a <u>pro</u> <u>se</u> litigant, I have construed all of plaintiff's submissions leniently and as asserting the strongest arguments they suggest.

---

[7] Plaintiff asserts that "[a]ny act of non compliance [<u>sic</u>] with [d]iscovery on the [p]laintiffs part was unintentional due to the fact that the legal process is somewhat [f]oriegn [<u>sic</u>] to Ms. Harley" (Opposition 18).

See <u>Graham v. Henderson</u>, 89 F.3d 75, 79 (2d Cir. 1996), <u>citing</u>
<u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994).  However,
this is not a case where plaintiff has substantially complied
with a discovery order but has missed some minor detail.  Rather,
plaintiff has repeatedly been told that she had to comply
completely with the Moving Defendants' discovery requests and my
Orders and has failed to do so.  Although a party's status as <u>pro</u>
<u>se</u> is relevant in determining whether there has been "excusable
neglect," <u>United States v. Taylor</u>, 97 Cr. 490 (LAP), 1998 WL
118173 at *2 (S.D.N.Y. Mar. 16, 1998) (Preska, D.J.), <u>pro</u> <u>se</u>
parties are not excused from complying with procedural rules.
See <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) ("[W]e have
never suggested that procedural rules in ordinary civil
litigation should be interpreted so as to excuse mistakes by
those who proceed without counsel."); <u>see also</u> <u>Baldwin County</u>
<u>Welcome Ctr. v. Brown</u>, 466 U.S. 147, 152 (1984) (<u>per</u> <u>curiam</u>)
("Procedural requirements . . . are not to be disregarded by
courts out of a vague sympathy for particular litigants.");
<u>Mohasco Corp. v. Silver</u>, 447 U.S. 806, 826 (1980) ("[I]n the long
run, experience teaches that strict adherence to the procedural
requirements specified by the legislature is the best guarantee
of evenhanded administration of the law.").

IV.   Conclusion

Accordingly, for all the foregoing reasons, the Moving Defendants' motion to for sanctions based on plaintiff's failure to comply with my October 29, 2010 discovery Order (Docket Item 45) and my December 10, 2010 Order (Docket Item 49) is granted. Plaintiff is hereby precluded from offering at trial or in connection with any motion, any documents she had not produced by February 17, 2011.  Moving Defendants are directed to submit contemporaneous billing records and the information necessary to evaluate the reasonableness of their attorneys' billing rates, along with invoices for any costs they have incurred, within twenty-one (21) days of this Order.  Plaintiff is directed to submit her response no later than twenty-one (21) days thereafter.

Dated:  New York, New York
        December 12, 2011

                                  SO ORDERED


                                  HENRY PITMAN
                                  United States Magistrate Judge

Copies mailed to:

Ms. Peggy Harley
Apt. 6-B
40-15 12th Street
Long Island City, New York  11101

30

Ms. Ann Nesby
Suite 6#103
1200 Highway 74 S.
Peachtree City, Georgia   30269

Mr. Timothy W. Lee
Suite 6#103
1200 Highway 74 S.
Peachtree City, Georgia   30269

Roger J. Maldonado, Esq.
Balber Pickard Maldonado
    & Van Der Tuin, PC
1370 Avenue of the Americas
New York, New York   10019-4602

Melvin L. Reddick, Esq.
Suite 1609
74 Trinity Place
New York, New York   10006