USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 21 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
PEGGY HARLEY,                       :     08 Civ. 5791 (KBF)(HBP)
                                    :
                     Plaintiff,     :     ORDER
                                    :
           -v-                      :
                                    :
ANN NESBY, et al.,                  :
                                    :
                     Defendants.    :
------------------------------------X

KATHERINE B. FORREST, District Judge:

On April 13, 2012, this Court granted (on the record) pro se plaintiff Peggy Harley's motion for summary judgment on her claim of copyright infringement, against defendants Shanachie Entertainment Corporation ("Shanachie") and Ann Nesby ("Nesby"). The Court issued a written opinion setting forth its bases in greater detail for that decision. See Harley v. Nesby, 08 Civ. 5791, 2012 WL 1538434 (S.D.N.Y. Apr. 30, 2012).

At the April 13 status conference, the Court ordered Shanachie to produce documentary discovery relating to damages, including, inter alia, a statement of gross revenues as to the song "I Apologize" and the album on which it was contained, as well as a list of concerts and engagements at which "I Apologize" was performed. (See Dkt. No. 101.) A prior ruling from Magistrate Judge Pitman precluded plaintiff from submitting

any additional evidence in this case--i.e., the record on summary judgment would emanate from defendants only.

On May 1, 2012, because "[t]he standard for summary judgment applies to damages the same as it applies to liability," Seoul Broad. Sys. Int'l, Inc. v. John Kim Sang, 754 F. Supp. 2d 562, 567 (E.D.N.Y. 2010), the Court set a briefing schedule on the question of damages. (Dkt. No. 106.) Pursuant to that schedule, Shanachie moved for summary judgment on damages as to plaintiff's copyright infringement claim.

Plaintiff subsequently moved for a preliminary injunction against all defendants, seeking preclusion of the use and exploitation of "I Apologize," as well as to compel defendant Nesby to produce discovery relating to her performances of "I Apologize." (Dkt. Nos. 140, 141.)

Damages[1]

Shanachie has produced documents evidencing that digital sales of "I Apologize," the infringing work, generated $4,931 and satellite transmission of the song generated $2,362. According to the documents submitted, "This is Love"--the album containing "I Apologize"--generated $175,974 in revenue. Given that "This is Love" contains ten songs--of which "I Apologize" is only one--the Court finds that only one-tenth of the revenue

---

[1] The Court previously found that plaintiff is not seeking statutory damages, but only actual damages and defendants' profits attributable to the infringement.

derived from sales of "This is Love" can be attributed to "I Apologize." In other words, the Court finds that Shanachie profited $17,597.40 from the sales of "This is Love" with respect to the infringing work.

Shanachie has also produced evidence, however, demonstrating that it expended $187,172 in producing "This is Love." As with the profits, the Court will divide the expenditures by one-tenth to find that only $18,172 was spent on producing "I Apologize." Thus, offsetting the profits by the expenditures indicates that Shanachie did not profit from sales of "I Apologize."

Shanachie further submitted evidence that it sold approximately 26,221 copies of "I Apologize" (singularly and as part of "This is Love") which, using the maximum 9.1 cent licensing fee, would entitle plaintiff to $2,386.11 in actual damages.

Defendant Nesby submitted the equivalent of an affidavit stating that she only performed the song "I Apolgize" twice, and that both performances were promotional--*i.e.*, unpaid. Accordingly, plaintiff is entitled to $2,386.11 in actual damages.

Shanachie requests that an award of actual damages be offset against the fees and costs of $12,090.99 imposed upon plaintiff by Magistrate Judge Pitman on May 2, 2012. The Court

finds that plaintiff's discovery violations, as found by Judge Pitman are separate and apart from the merits of her copyright infringement claim. Accordingly, Shanachie's request for a set-off is denied.

Motion to Compel

Given that defendant Nesby submitted information regarding her performances of "I Apologize," plaintiff's motion to compel is DENIED AS MOOT.

Motion for Preliminary Injunction

Plaintiff has moved for an injunction, prohibiting all defendants from "selling, marketing, manufacturing, performing live or lip syncing" or "us[ing] or exploit[ing]" "I Apologize." Shanachie has submitted an affidavit stating that that is has "ceased all distribution--in both CD and digital format--of 'I Apologize.'" (Decl. of Randall Grass In Opp'n to Pl.'s Mot. for Inj. & Other Relief (Dkt. No. 147) ("Grass Decl.") ¶ 16.)

Where there is no threat of a "continuing violation," an injunction under the Copyright Act is not appropriate. See Tangorre v. Mako's, Inc., No. 01 Civ. 4430, 2003 WL 470577, at *13 (S.D.N.Y. Jan. 6, 2003) (citing Peer Int'l Corp. v. Luna Records, Inc., 887 F. Supp. 560, 570 (S.D.N.Y. 1995) (Sotomayor, J.)). The Grass Declaration evidences that there is no threat

of a continuing violation. Accordingly, plaintiff's motion for an injunction is denied.[2]

CONCLUSION

As set forth above, it is hereby

ORDERED that Shanachie's motion for summary judgment is GRANTED IN PART and DENIED IN PART. Shanachie is ordered to pay to plaintiff within 14 days of the date of this Order $2,386.11.

IT IS FURTHER ORDERED that plaintiff's motion to compel is DENIED AS MOOT.

IT IS FURTHER ORDERED that plaintiff's motion for an injunction is DENIED.

The Clerk of the Court is directed to terminate the motions at Docket Nos. 121, 139, 140 and 141, and to terminate this action.

SO ORDERED:

Dated:   New York, New York
         September 21, 2012

_____
KATHERINE B. FORREST
United States District Judge

---

[2] The Court declines to rule on the question of whether Shanachie may maintain its copyright in "I Apologize" as a derivative work. That is in the nature of seeking a declaration, which is not properly before this Court and, in any event, is a separate action.

Copies to:

All counsel (via ECF)

Peggy Harley
PO Box 8095
Long Island City, NY 11101

Peggy Harley
4015 12th St. Apt. 5B
Long Island City, Queens, New York 11101

Ann Nesby and Timothy W. Lee
1200 Hwy. 74 S. Ste 6 #103
Peachtree City, GA 30269